IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA JOHNSON, | : | Civil Action No. 4: CV 04-1804 |
| | : | |
| Plaintiff, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| DR. RONALD LONG, <u>et.</u> <u>al.</u>, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM AND ORDER</u>

### June 29, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Ira Johnson ("Plaintiff"), an inmate at the State Correctional Institution at Smithfield, ("SCI-Smithfield"), Huntingdon, Pennsylvania, initiated this civil rights action <u>pro</u> <u>se</u> by filing a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint (Rec. Doc. 1) alleges violations of his Eighth Amendment right to protection from cruel and unusual punishment as well as a supplemental state law claim for intentional infliction of emotional distress against Defendant Dr. Ronald Long ("Dr. Long" or "Defendant") and other employees of SCI-Smithfield.

On November 2, 2004, Dr. Long filed a Motion to Dismiss the Plaintiff's claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (Rec. Doc.

1

19). Magistrate Judge Malachy Mannion issued a Report on May, 27, 2005 wherein he recommended that the Plaintiff's claim against Defendant be dismissed for failure to state a claim upon which relief may be granted. (See Rec. Doc. 56, "Report and Recommendation"). The Plaintiff's objections to the Report and Recommendation were due by June 16, 2005. To date, we have not received objections to the Report and Recommendation from either party.

**DISCUSSION:**

When no objections are made to a magistrate judge's report, a district court is not statutorily required to review that report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the U.S. Court of Appeals for the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

Plaintiff's complaint does not address any specific allegations against Dr. Long, but states only that as medical director at S.C.I. Smithfield, Dr. Long oversees the medical staff, orders diagnostic tests, and ensures the proper treatment of inmates. (Rec. Doc. 1). Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (Rec. Doc. 24) concedes that Dr. Long was not a direct

participant in the alleged negligence but instead alleges liability on the theory of respondeat superior.

Respondeat superior is a doctrine that holds an official responsible for the acts of employees under his or her supervision. It cannot support a claim under section 1983. See, Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, supervisory officials may not be held responsible for employees unless they directly participate in a constitutional violation or knowingly allow such unlawful conduct. See, e.g., Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990). Plaintiff has admitted that Dr. Long did not directly participate in the alleged violations. (Rec. Doc. 24). Moreover, Plaintiff has failed to claim that Dr. Long had reason to know yet failed to prevent the "negligent and substandard medical treatment" that Plaintiff claims that he received. Id. at 10.

A supervisor who is aware of a potential risk, but fails to take action or demonstrates "deliberate indifference" may be liable if the risk results in injury to an individual. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997). Plaintiff alleges that Defendant is liable for failing to create a protective policy for individuals with asthmatic disorders. However, Plaintiff does not claim that Dr. Long knew of a potential risk to asthmatics and failed to implement a

policy to protect such inmates, nor that he knew of Plaintiff's specific condition and failed to take protective measures. Accordingly, Plaintiff has not demonstrated any claim upon which Dr. Long could be held liable for the unlawful conduct that Plaintiff alleges, and his section 1983 claims against Dr. Long must therefore be dismissed.

Similarly, although not directly addressed within the Magistrate Judge's Report, because Plaintiff concedes that there was no direct involvement by Dr. Long in the alleged violations, there can be no basis upon which to assert the pendant claim for intentional infliction of emotional distress. That remaining claim will likewise be dismissed, and accordingly Dr. Long will be entirely dismissed from this case.

Because we find no error in Magistrate Judge Mannion's Report and Recommendation, and because no objections have been filed, we will adopt his findings on our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (Rec. Doc. 56) is adopted in toto.

2. Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (Rec.

>Doc. 19) is GRANTED insofar as Defendant Dr. Long is dismissed from the case.

3. The Clerk is directed to transfer this action back to Magistrate Judge Mannion so that he may address the several motions recently filed by the Plaintiff. (<u>See</u> Rec. Docs. 59-80).

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge